MICHAEL F. HEAFEY (STATE BAR NO. 153499)
ROWENA YOUNG (STATE BAR NO. 196317)
MICHAEL W. TRINH (STATE BAR NO. 240937)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Attorneys for Third-Party Respondent
SILICONWARE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TESSERA, INC.,<br><br>Defendant. | Case No. 06-mc-80096-JW<br><br>**(Civil Action No. 2:05-cv-319 (LED) (E.D. Texas))**<br><br>**THIRD PARTY SILICONWARE USA, INC.'S OPPOSITION TO MICRON TECHNOLOGY, INC.'S MOTION TO COMPEL**<br><br>Date: June 6, 2006<br>Time: 10:00 a.m.<br>Dept: Courtroom 2, 5th FLoor<br>Judge: Hon. Howard R. Lloyd |

## I. INTRODUCTION

Micron Technology, Inc. seeks to compel Siliconware USA, Inc. ("SUI") to produce documents, despite SUI's explanations that it does not have possession, custody or control over a bulk of the documents Micron seeks. Micron also seeks to impose undue burden on SUI by failing to identify particularly what documents it seeks, from a time period of nearly the last seven years.

Micron has violated Civil Local Rule 37-2 by failing to explain what subpoena requests are at issue in its Motion to Compel. Micron has failed to meet its burden of justifying why it is entitled to these documents, and showing that its requests minimize the burden of production to third party SUI. Fed. R. Civ. P. 45(c).

For each of these reasons, SUI respectfully requests that the Court deny Micron's Motion To Compel SUI To Produce Documents and Things.

## II. FACTS

### A. SUI's Limited Marketing Role

SUI is a California corporation of approximately 55 employees. *Declaration of Alex Chenok In Support Of SUI's Opposition to Micron's Motion to Compel ("Chenok Decl.")*, ¶¶ 2, 5. SUI markets semiconductor packages manufactured by Siliconware Precision Industries, Co., Ltd. ("SPIL"), a Taiwan corporation. *Chenok Decl.* ¶ 5.

SUI does not have need for technical documents related to the semiconductor packages (such as schematics), and does not have possession, custody or control of such technical documents. *Chenok Decl.* ¶ 7. SUI does not use or maintain technical documents in the ordinary course of business because it does not design, develop, manufacture, assemble, or test any products. *Chenok Decl.* ¶ 7. In addition, because customers generally do not request technical documents from SUI, SUI does not maintain or have access to technical documents. *See Chenok Decl.* ¶ 8.

SUI does not maintain product samples for the semiconductor packages that it markets. *Chenok Decl.* ¶ 11. Rather, SUI keeps non-functional mechanical samples which do not contain a working silicon die. *Chenok Decl.* ¶ 11. Mechanical samples are used to show the

physical dimensions and format of a product. *Chenok Decl.* ¶ 11.

SUI's customers deal directly with SPIL to place orders for semiconductor products, using an electronic purchase order system or via facsimile. *Chenok Decl.* ¶ 6. Typically, SUI does not receive purchase orders. *Chenok Decl.* ¶ 6. In addition, SUI plays no role in ongoing orders, so SUI does not generally maintain purchase order documents. *Chenok Decl.* ¶ 6.

Because SUI neither uses nor needs technical information maintained by SPIL, and does not handle customer purchase orders directly, SUI does not have access to technical and financial documents that may be maintained by SPIL. SUI does not have access to SPIL's document storage systems or computer network. *Chenok Decl.* ¶ 7.

**B. <u>SUI And SPIL Are Independent Entities</u>**

SUI and SPIL are independent corporate entities with separate operations. *Chenok Decl.* ¶ 4. While SUI markets semiconductor products manufactured by SPIL, SUI has independent decision-making power concerning its day-to-day operations. *Chenok Decl.* ¶ 4. SUI is not a direct subsidiary of SPIL. *Chenok Decl.* ¶ 3. SUI's finances are separate from that of SPIL, and SUI maintains its own accounting books and bank accounts, completely separate from SPIL. *Chenok Decl.* ¶ 4. SUI pays its own taxes, the rent on its facilities, and the salaries of its employees. *Chenok Decl.* ¶ 4. SUI's operations are separate from that of SPIL, and SUI has no access to SPIL's internal computer network or document storage systems. *Chenok Decl.* ¶ 7.

**C. <u>SUI Has Not Dealt With Tessera</u>**

SUI has never entered into any licensee or other agreement with Tessera. *Chenok Decl.* ¶ 9. While SPIL may have entered into a license agreement with Tessera, SPIL has never manufactured products under license from Tessera or otherwise used any technology transferred from Tessera. *Chenok Decl.* ¶¶ 9-10. Accordingly, SUI has never marketed any Tessera-licensed semiconductor products, and does not have communications or other Tessera-related documents in its possession, custody or control. *Id.*

**D. <u>SUI Has Complied With Micron's Subpoena</u>**

On January 3, 2006, Micron Technology, Inc. served SUI with the subpoena at

issue. *Declaration of Michael F. Heafey In Support Of SUI's Opposition to Micron's Motion to Compel ("Heafey Decl.")* ¶ 2, Ex. A. Micron delivered the subpoena to SUI at its offices in San Jose. *Id.* Micron did not serve the subpoena on SPIL, a Taiwanese corporation, and has not attempted to serve SPIL. *Id.*; Fed. R. Civ. P. 4.

SUI responded timely to the subpoena on January 30, 2006, serving responses and objections to the requests in the subpoena. *Heafey Decl.* ¶ 4, Ex. C. In its subpoena, Micron defined "Siliconware" as "Siliconware USA, and all parent, affiliated, or predecessor firms or entities," and requested documents from "Siliconware." *Id.* SUI objected to Micron's definition and responded only on behalf of itself. *Id.*.

Over the next two months, SUI and SPIL have maintained the positions set forth in its responses and objections:

- Micron did not serve the subpoena on SPIL. *Heafey Decl.* ¶¶ 7, 10, 12, 14, Exs. F, I, K, M;
- SUI does not have technical or financial documents related to Tessera. *Heafey Decl.* ¶¶ 7, 10, Exs. F, I; *Chenok Decl.* ¶ 5, 10; and
- SUI has no technical documents. *Heafey Decl.* ¶ 12, Ex. K; and
- SUI does not design, develop, manufacture, or modify products. *Heafey Decl.* ¶ 12, Ex. K.

Although Micron did not serve a subpoena on SPIL, SPIL voluntarily produced certain documents to Micron on March 24, 2006, after discussion with Micron.[1] *Heafey Decl.* ¶¶ 14-15, Exs. M-N. These documents included the license agreement between SPIL and Tessera, certain communications related to the license, and two SPIL marketing documents. *Id.* Micron has not moved to compel further production against SPIL.

## III. ARGUMENT

SUI does not have in its possession, custody or control most of the documents or

---

[1] Micron apparently mistakes the voluntary production by SPIL on March 24, 2006 as production by SUI pursuant to the subpoena. Motion to Compel at 4-6. Letters accompanying SPIL's documents explicitly explained that the documents were voluntarily produced by SPIL, not SUI. *Heafey Decl.* ¶¶ 14-15, Exs. M-N. SUI's responses and objections to the subpoena explain that SUI's diligent search for documents yielded no responsive documents for many of the subpoena requests.

things that Micron seeks to compel SUI to produce. *Chenok Decl.* ¶3-11. Unsatisfied, Micron has moved to compel based on unsupported allegations that SUI "must have" these documents. Mere speculation that responsive documents exist is insufficient to support Micron's motion to compel. *Goodrich Corp. v. Emhart Indus., Inc.*, 2005 U.S. Dist. LEXIS 17193, *9 (C.D. Cal. 2005). To the extent that Micron seeks documents in the possession, custody or control of SPIL, Micron has failed to establish that SUI has possession, custody, or control of these documents.

In violation of Rule 45(c), Micron has failed to tailor narrowly the document requests for financial information to avoid undue burden on third-party SUI. Fed. R. Civ. P. 45(c)(1). Micron failed to identify particularly the documents it seeks, and would impose an undue burden of SUI to search through documents dating over the last seven years for the few documents that may be responsive.

### A. <u>Micron Violates Local Rule 37-2</u>

Micron's Motion to Compel seeks six categories of documents and things without specifying the exact requests from the subpoena that the categories contain. Motion to Compel at 10.

Categories 1, 2, and 3 appear to seek financial documents, quotations, and invoices "pertinent to the relevant products," corresponding to Requests 39, 40, and 48-52. SUI objected to these requests as overly broad and unduly burdensome, and vague and ambiguous as to time and subject matters. *Heafey Decl.* ¶ 4, Ex. C. Because customers work directly with SPIL to purchase orders for packages, SUI does not maintain purchase order documents. *Chenok Decl.* ¶ 6.

Category 4 appears to seek Tessera-related documents, corresponding to Requests 1-14 and 47. SUI is not a Tessera licensee, and has not used any technology transferred from Tessera or sold any product manufactured under license from Tessera. *Heafey Decl.* ¶ 10, Ex. I; *Chenok Decl.* ¶ 9-10.

Category 5 appears to seek technical documents, corresponding to Requests 21-25. SUI does not and cannot develop, design, manufacture, assemble, test, or modify semiconductor packaging products. *Heafey Decl.* ¶ 12, Ex. K; *Chenok Decl.* ¶ 9-10.

Category 6 seeks product samples. SUI does not have product samples. *Chenok Decl.* ¶ 11.

Micron's motion violates Local Rule 37-2, which requires that Micron:

> "must set forth each request in full, followed immediately by the objections and/or responses thereto. For each request, the moving paper must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Federal Rule of Civil Procedure 26(b)(2) are satisfied."

Local Rule 37-2 (emphasis added). Micron also failed to explain why it is entitled to each category, or how Micron has satisfied Rule 26(b)(2) limitations on the scope of discovery. Fed. R. Civ. P. 26(b)(2). Micron offered only a cursory discussion, unsupported by specific facts, of its need for documents from SUI, and failed to "detail the basis" for its contentions that it is entitled to each of the six categories. Civil L.R. 37-2. Micron also failed to meet its burden to establish why it is entitled to the scope of each discovery request against third-party SUI, and to show that the scope of each category does not impose undue burden on non-party SUI. Fed. R. Civ. P. 26(b)(2); 45(c)(1). Because Micron has failed to provide specific justification of the relevance and proportionality of each category, Micron has failed to meet its burden to demonstrate the relevance of these categories and Micron's motion should be denied. Fed. R. Civ. P. 26(b)(2); 45(c); Civil L.R. 37-2.

### B. SUI Does Not Have Possession, Custody, Or Control Of Document In Categories 3 – 6

After reasonable and diligent search, SUI found no responsive purchase order documents, Tessera-related documents, technical documents, or product samples. Micron seeks to compel SUI to produce documents that SUI does not have. SUI repeatedly explained to Micron that it does not have possession, custody or control of documents that are apparently responsive to categories 3 – 6 of the motion to compel. *Heafey Decl.* ¶¶ 6, 10, 12, Ex. F, I, K.

Micron has purposefully ignored the important distinction between SUI and SPIL and refers to them as a single entity, in an effort to obfuscate the fact that SUI and SPIL are separate. *Heafey Decl.* ¶ 13, Ex. L. Micron did not serve the subpoena on SPIL and has not moved to compel against SPIL. Micron seeks only to compel SUI's production of documents and

things, and only SUI is before the Court.

Micron has relied on pure conjecture that SUI "surely has the legal right to request such documents in the ordinary course of business" from SPIL. Motion to Compel at 6:17-19. Micron, however, has offered no evidence to support its conclusions.

Micron has argued that SUI must have control over responsive documents that may be in the possession or custody of SPIL, because SUI has access to the documents in the ordinary course of business. Micron, as the party seeking discovery, has the burden to show that SUI has access to the requested documents. *Tessera Inc. v. Micron Technologies, Inc.*, No. CV 06-80024MISC JW, 2006 U.S. Dist. LEXIS 25114 (N.D. Cal. Mar. 22, 2006) at 17. *See United States v. In'tl Union of Petroleum and Indus. Works*, 870 F.2d 1450 (9th Cir. 1989). Micron's bald assertions fell far short of meeting its burden to show control.[2]

SUI does not have the ability to obtain documents under the possession, control, or custody of SPIL.[3] SUI and SPIL are separate entities, and SUI does not have access to SPIL's document storage systems or computer networks. *Chenok Decl.* ¶ 7.

SUI has no need for documents or things in Micron's categories 3 – 6. Because customers work directly with SPIL to place orders for semiconductor products, SUI has no need to maintain purchase order documents potentially responsive to category 3. SUI has no need for Tessera-related documents (responsive to category 4) because it does not market any products manufactured under any license from Tessera. *Chenok Decl.* ¶¶9-10. SUI has no need for access to technical documents from SPIL in the ordinary course of business (potentially responsive to category 5) because it does not develop, design, manufacture, or test semiconductor products, and SUI's customers do not generally request technical documents. *Chenok Decl*. ¶¶ 5, 8. Because SUI has non-functional mechanical samples that show the format and physical dimensions of a

---

[2] Rather than pointing to specific facts, Micron's only argument that SUI must have control over SPIL documents is a citation to *Camden Iron* for the proposition that a subsidiary has access to documents "when the need arises in the ordinary course of business." *Camden Iron and Metal, Inc. v. Marubeni America Corp.,* 138 F.R.D. 438, 441-442 (D.N.J. 1991).

[3] Access and control by SUI cannot be presumed because SUI and SPIL each operate independently of one another. *See Goh v. Baldor Elec. Co.,* 1999 WL 20943, *2 (N.D. Tex. Jan. 13, 1999). SUI keeps its own financial books and pays its own taxes, independent of SPIL. *Chenok Decl.* ¶ 4. SUI pays the rent on its facilities. *Id.* SUI pays the salaries of its employees. *Id.* Therefore, there are insufficient ties between SUI and SPIL to establish access.

package, SUI does not need product samples, responsive to category 6. Again, SUI's customers do not generally request technical documents. *Chenok Decl*. ¶ 8.

Because SUI does not have access to purchase orders, Tessera-related documents, technical documents, or product samples, Micron's motion to compel categories 3-6 should be denied.

**C. <u>SUI's Production Of Financial Documents Is Overly Burdensome</u>**

Production of financial documents and invoices, responsive to categories 1 and 2, is overly burdensome on third-party SUI. Production of financial information requires a broad search that would likely find few, if any, relevant documents, imposing undue burdensome on third party SUI. Fed. R. Civ. P. 45(c)(3)(A). Micron has failed to identify particularly what documents it seeks, by using a definition of "Your Products" that may sweep across many SUI product groupings. Micron has made no attempt to narrow this definition of "Your Products." *Heafey Decl.* ¶¶ 7, 11, Ex. F, J. Accordingly, Micron has failed to show that the production of financial documents is not unduly burdensome on third-party SUI. Fed. R. Civ. P. 45(c)(1).

By using the vague and ambiguous term "Your Products,"[4] Micron has not identified adequately or particularly any specific SUI product. SUI would have to engage in unreasonable searches for financial records related to "**all** components" with "at least one die in a face down configuration in a wire-bonded ball grid array and/or packaged in a folded stack package," including components not subject to license from Tessera. *Heafey Decl.* ¶ 2, Ex. A (emphasis added). Micron's vague and ambiguous definition of "Your Products" potentially includes several entire SUI product groupings over the last seven years. *Id.*. Accordingly, SUI's production of financial information requires a search through numerous unrelated documents (over the last seven years) to identify which financial documents pertain to Micron's vague and

[4] Micron defined "Your Products" as "all components imported, made, used, sold or offered for sale in the United States since July 1999, that are packaged with at least one die in a face down configuration in a wire-bonded ball grid array (including in a wire-bonded stacked ball grid array) and/or packaged in a folded stack package, including all such test vehicles, samples, components, system platforms, reference designs, modules or circuit boards using any of these components or designed to be used with any of these components, and specifically including, without limitation, semiconductors packaged in an EBGA package and any semiconductors imported, made, used, sold or offered for sale in the United States under license from or pursuant to any other agreement with Tessera." *Heafey Decl.* ¶ 2, Ex. A.

ambiguous definition of "Your Products."

SUI's search for financial documents would be time-consuming and unduly burdensome, requiring investigation through a broad range of documents, including those possibly stored in off-site facilities. Moreover, these searches are unlikely to find any responsive documents. Because customers place orders for semiconductor packages directly with SPIL, SUI maintains no purchase order documents, and there are unlikely to be many related financial documents.

Imposing this significant burden upon third-party SUI outweighs any possible benefit, in light of the limited amount of documents that may be found and limited relevance of financial information of products not licensed from Tessera. Fed. R. Civ. P. 26(b). Micron has failed to justify specifically how the relevance SUI's financial information outweighs the burden of production would impose on non-party SUI. Fed. R. Civ. P. 45(c).

Because Micron's subpoena imposes undue burdensome on SUI and Micron fails to adequately identify what financial it seeks, Micron's motion to compel as to categories 1 and 2 should be denied.

## IV. CONCLUSION

For each of the foregoing reasons, third party SUI respectfully requests that the Court deny Micron's motion to compel.

Dated: May 16, 2006

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Michael F. Heafey /s/

Michael F. Heafey
Attorneys for Third-Party Respondent
SILICONWARE USA, INC.

US_WEST:260016902.2